UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL EDWARD NEGETHON,

    Plaintiff,

    v.                              Case No. 21-cv-0790-bhl

HONORABLE RICHARD NUSS,

    Defendant.

## SCREENING ORDER

Plaintiff Daniel Edward Negethon, who is currently in custody at the Winnebago County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his civil rights. This matter comes before the Court on Negethon's motions for leave to proceed without prepayment of the filing fee, to appoint counsel, and for a 45-60 day extension of time to submit the $0.68 initial partial filing fee. Dkt. Nos. 2, 6 & 10. In addressing these motions, the Court will also screen the complaint.

### MOTIONS REGARDING PAYMENT OF THE CIVIL CASE FILING FEE

Negethon requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). Dkt. No. 2. A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). The Court assessed an initial partial filing fee of $0.68. Dkt. No. 5. On July 21, 2021, Negethon filed a motion for extension of time to submit payment, explaining that he no longer has $0.68 in his prison bank account to pay the initial partial filing fee and stating that an "outside source" will send that amount. Dkt. No. 10. The Court will waive the initial partial filing fee due to Negethon's inability

to pay, *see* 28 U.S.C. §1915(b)(4), and will deny as moot his motion for a 45-60 day extension of time to submit the initial partial filing fee. Negethon is advised that although the Court has waived the initial partial filing fee, he is still required to pay the civil case filing in full fee over time. The agency having custody of Negethon will collect the amount in the manner described at the end of this order.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Negethon alleges Fond Du Lac County state court judge Richard Nuss violated his constitutional rights when he denied Negethon's request for a bail hearing, denied his request for a trial within 90 days, denied his request for a continuation, denied his request to represent himself in his criminal trial, and forced him to bear witness against himself during his criminal trial. Dkt. No. 1 at 2-3. But Judge Nuss is absolutely immune from suit under §1983. *Polzin v. Gage*, 636 F.3d 834 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."). While Negethon may disagree with Judge Nuss's rulings, Judge Nuss unquestionably had jurisdiction to make these rulings and he made them within the scope of his judicial capacity. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). Negethon also states that he has been "unlawfully charged" without

a grand jury in three criminal cases, *see* Dkt. No. 1 at 3, but the state of Wisconsin does not require the use of a grand jury to initiate criminal charges against an individual. *See* Wis. Stat. §968.02(2). Instead, District Attorneys have authority to bring criminal charges against an individual and they have discretion, on a case-by-case basis, to request a grand jury, if they believe it is necessary. *See* Wis. Stat. §968.06. Either way, a state court judge is not involved in determining *how* to bring a criminal charge against an individual.

Negethon fails to state a claim upon which relief can be granted and any attempts to amend the complaint would be futile given that Judge Nuss is entitled to absolute immunity. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (concluding that a district court need not provide opportunities to amend when amendment would be futile.) The Court will dismiss this case and will deny Negethon's motion to appoint counsel as moot.

## Conclusion

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Dkt. No. 6) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a 45-60 day extension of time to submit the initial partial filing fee (Dkt. No. 10) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the plaintiff is confined.

Dated at Milwaukee, Wisconsin this 9th day of August, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.